UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Howard Rutland, III, #5131, #0903032, *aka William H Rutland, III,* | ) C/A No.: 8:09-1807-SB-BHH ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Report and Recommendation |
| Sheriff Wayne Dewitt, Berkeley County Sheriff's Office; Captain Barry Currie, B.C.S.O.; Lieutenant Butch Rivers, B.C.S.O.; Sargent Kris Jacuman, B.C.S.O.; Sargent Rosemary Sanders, B.C.S.O., | ) ) ) ) ) ) |
| Defendants. | ) ) |

The plaintiff, detained at the Hill Finklea Detention Center (HFDC) in Berkeley County, files this § 1983 complaint concerning his prison conditions. Plaintiff alleges he sought protective custody, but was placed in housing with violent predators who assaulted him.

Plaintiff has a prior case in this District raising this type of issue. In *Rutland v. Dewitt, et al.*, Civil Action No. 8:09-1717-SB-BHH (D.S.C. 2009), the plaintiff claimed he was placed in maximum security A-pod at the HFDC in March 2009 where he was threatened by violent inmates. He requested protective custody and was "placed in cell A-2.". On May 15, 2009, one inmate assaulted him by punching him in the face twice. The inmate then placed his hand over the plaintiff's nose and mouth, thereby cutting off his oxygen supply. Plaintiff alleged that he had previously sustained "a near fatal closed head injury and [could not] withstand the beatings."

Plaintiff now files the above-captioned matter raising claims virtually identical to those claims raised in *Rutland v. DeWitt*, Civil Action No.: 8:09-1717-SB-BHH (D.S.C. 2009). In the instant matter for example, plaintiff alleges he was threatened with violence in the maximum security A-pod at HFDC in March 2009. He also claims he requested protective custody and was placed in cell A-2 where his cellmate struck his face and head with a closed fist. Plaintiff's cellmate also placed his hand over plaintiff's nose and mouth, cutting off his "air." Plaintiff alleges he immediately requested medical attention but was denied the same for five (5) days. Plaintiff also claims he advised a HFDC doctor that he had sustained a prior "closed head injury" in 2003 and "[could not] with-stand [the] assaults." Additionally, plaintiff asserts that another inmate was placed in his cell the same day he was assaulted the first time, and was assaulted again by the new cellmate, who struck plaintiff in the mouth with a closed fist. Plaintiff seeks damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147,

1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The above-captioned case is subject to summary dismissal because the plaintiff has a pending case, against the same defendants, concerning the same assault. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296. *See also United States v. Parker*, 956 F.2d 169, 171(8th Cir. 1992).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of

process.  *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

               s/Bruce Howe Hendricks
               United States Magistrate Judge

September 2, 2009
Greenville, South Carolina


***The plaintiff's attention is directed to the important notice on the next page.***

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).